129 F.3d 126
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Kenneth R. OASE, Plaintiff-Appellant,
v.
City of Tucson, Arizona; R. SALLEE, Tucson Police Officer;
Sergeant Gilloloy, Tucson Police Sergeant,
Defendants-Appellees,
and
County of Pima, Arizona; Officer HANCOCK, Badge 1904
Defendants-Appelles.
 
 No. 96-17254.
 United States Court of Appeals, Ninth Circuit.
 Oct. 23, 1997.
Submitted October 20, 1997**
 Appeal from the United States District Court for the District of Arizona, Richard M. Bilby, District Judge, Presiding.
 Before THOMPSON, NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Kenneth R. Oase appeals pro se the district court's summary judgment for defendants City of Tucson, Sallee, and Gilloloy in Oase's 42 U.S.C. § 1983 action alleging that defendants violated his Fourth Amendment rights by conducting warrantless inspections of his home on July 10, 1994, and September 22, 1994, to investigate the health of his cats. The district court determined that Oase failed to demonstrate that defendants conducted the inspections pursuant to an unconstitutional City of Tucson policy or custom and that Sallee and Gilloloy were entitled to qualified immunity. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, see Trevino v. Gates, 99 F.3d 911, 916 (9th Cir.1996), cert. denied 117 S.Ct. 1249 (1997), and we affirm.
 
 
 3
 Because Oase failed to raise a genuine issue of material fact regarding the existence of an official government policy or practice that authorized City of Tucson officials to perform unconstitutional searches, see id. at 918-21, we affirm the district court's grant of summary judgment to City of Tucson.
 
 
 4
 We affirm the district court's determination that defendant Sallee was entitled to qualified immunity for participating in the July 1994 inspection, and that defendant Gilloloy was entitled to qualified immunity for participating in the September 1994 inspection, because Oase failed to present a material factual dispute regarding the events that led to Oase's consent to these inspections. See Pierce v. Multnomah County, 76 F.3d 1032, 1038 (9th Cir.), cert. denied, 117 S.Ct. 506 (1996).
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3